UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT COLLIER, § | |
| § | |
| *Plaintiff*, § | CIVIL ACTION NO.: 3:17-cv-03362 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| DALLAS COUNTY HOSPITAL § | |
| DISTRICT d/b/a PARKLAND HEALTH & § | |
| HOSPITAL SYSTEM, § | |
| § | |
| *Defendant*. | |

## FIRST AMENDED COMPLAINT

Plaintiff ROBERT COLLIER ("Plaintiff"), by and through his attorneys, ELLWANGER LAW LLLP and VALLI KANE AND VAGNINI LLP, bring this action for damages and other legal and equitable relief from Defendant DALLAS COUNTY HOSPITAL DISTRICT d/b/a/ PARKLAND HEALTH & HOSPITAL SYSTEM ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

### INTRODUCTION

1.   This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination, hostile work environment, and retaliation. Defendant's acts of discrimination are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2.   Defendant owns and operates a hospital located at 5201 Harry Hines Boulevard, Dallas, Texas 75235.

3. Defendant employed Plaintiff, who is Black, as an Operating Room Aide I. Throughout his employment with Defendant, Plaintiff was subjected to racially hostile graffiti throughout the workplace and comments by his coworkers, which he complained about. However, Defendant did not take any remedial action regarding Plaintiff's complaints.

4. Additionally, throughout Plaintiff's employment with Defendant, he was denied overtime hours and promotional opportunities in favor less qualified non-Black employees.

5. Lastly, Defendant retaliated against Plaintiff for making complaints of the racially discriminatory and hostile work environment to which he was subjected.

6. Plaintiff alleges, as a result of Defendant's misconduct, that he is entitled to (1) back pay, (2) emotional damages, (3) punitive damages, (4) attorneys' fees and costs, (5) interest, and (6) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) and 42 U.S.C. §§ 2000e *et seq*., as amended. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

9. Plaintiff is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a Black male citizen of the United States of America and is a resident of Texas.

10. At all relevant times, Plaintiff was Defendant's employee covered by Title VII and the TLC.

11. Defendant is governmental unit, which owns and operates a hospital located at 5201 Harry Hines Boulevard, Dallas, Texas 75235 (the "Hospital"), which is located within this judicial district.

12. Upon information and belief, Defendant employs more than one hundred (100) persons.

13. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

14. Defendant transacted, and continue to transact, business in Texas by employing Plaintiff and other persons at the Hospital. Defendant also transact business in Texas by providing medical services within Texas to the citizens of Texas.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

15. Plaintiff who has herein alleged claims pursuant to Title VII has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

**FIRST AMENDED COMPLAINT**

16.     Plaintiff has received his Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around September 13, 2017, the EEOC mailed Plaintiff his Notice of Right to Sue letter.

## STATEMENT OF FACTS

17.     Defendant owns and operates the Hospital, which employed Plaintiff as an Operating Room Aid I.

18.     In or around January 2009, Plaintiff began his employment with Defendant.

19.     Plaintiff remained in the same position throughout his employment.

20.     Throughout the Hospital there were depictions of swastikas, including, but not limited to, elevators, hallways, and bathrooms. Furthermore, Plaintiff was subjected to racially hostile comments by his coworkers such as, "boy."

21.     In or around August 2015, Plaintiff complained about the racially hostile graffiti to Mr. Richard Stetzel ("Stetzel"), a White supervisor, as well as another Hispanic supervisor. Despite these complaints, Defendant did not take any remedial action and the offensive graffiti remained.

22.     In addition to the racially hostile graffiti and comments, Defendant implemented pay and promotional practices that favored non-Black employees.

23.     For example, available overtime hours are frequently offered to non-Black similarly situated employees before Plaintiff. Accordingly, non-Black similarly situated employees earn more pay than Plaintiff because they are permitted to work more overtime hours.

24.     As another example, throughout Plaintiff's tenure with Defendant he was denied numerous promotions in favor of less qualified and tenured non-Black similarly situated

employees. Since 2013, Plaintiff was denied approximately eight (8) promotional opportunities for which he was qualified.

25. In early 2015, Plaintiff applied for the Operating Room Aide III position. However, the position was given to a similarly situated White employee, who was less experienced and tenured than Plaintiff.

26. Lastly, Plaintiff was subjected to retaliation for his complaints to Defendant.

27. For example, in or around December 2015, Plaintiff was in the process of gathering and organizing some materials in a hallway in which a White nurse was working, when she stated: "do not leave until I'm finished with you boy."

28. Plaintiff immediately reported this incident to Stetzel. Directly following Plaintiff's complaint, he was transferred to a different work location on the opposite side of the Hospital.

29. Moreover, on multiple occasions, Plaintiff was reprimanded, written up, or forced to endure some other sort of retaliatory punishment after he complained about Defendant's racially hostile and discriminatory practices.

30. For example, Plaintiff was written up multiple times for not being attentive to his radio, which was a selectively-enforced policy. Defendant enforced this policy so strictly against Plaintiff such that if he did not respond for approximately ten (10) seconds he would receive a write up.

31. Ultimately, following repeated instances of complaints about discriminatory treatment as well as hostile work environment, in or around July 2016, Defendant terminated Plaintiff's employment.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Discrimination)**

32. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

34. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Hostile Work Environment)**

35. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in racial and/or color harassment and has created, maintained and condoned a hostile work environment towards Plaintiff.

37. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Retaliation)**

38. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39. Plaintiff lodged complaints with Defendant regarding the discrimination and/or the hostile work environment to which he was subjected, and, as such, engaged in protected activity under Title VII.

40. Defendant retaliated against Plaintiff by transferring him to another location within the Hospital, reprimanding him, writing him up, and, ultimately, terminating him.

41. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

42. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Discrimination)

43. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

45. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment)

46. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in racial and/or color

harassment and has created, maintained and condoned a hostile work environment towards Plaintiff.

48. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Retaliation)

49. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

50. Plaintiff lodged complaints with Defendant regarding the discrimination and/or the hostile work environment to which he was subjected to, and, as such, engaged in protected activity under the TLC.

51. Defendant retaliated against Plaintiff by transferring him to another location within the Hospital, reprimanding him, writing him up, and ultimately terminating him.

52. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

53. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, prohibiting discrimination in employment;

B. That judgment be entered in favor of Plaintiff against Defendant for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

C. That Plaintiff be awarded compensatory damages where available;

D. That Plaintiff be awarded punitive damages;

E. That Plaintiff be awarded pre and post judgment interest;

F. That the Court award Plaintiff attorneys' fees and costs associated with this matter, including, but not limited to expert fees' and costs;

G. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and are determined to be in full compliance with the law;

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Diversity training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendant comply with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**FIRST AMENDED COMPLAINT**

Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
400 South Zang Blvd.
Suite 1015
Dallas, Texas  75208
Telephone: (737) 808-2260

*Of Counsel:*

James A. Vagnini
N.Y. State Bar No. 2958130
*pro hac vice admission pending*
jvagnini@vkvlawyers.com
Monica Hincken
N.Y. State Bar No. 5351804
*pro hac vice admission pending*
mhincken@vkvlawyers.com
**VALLI KANE & VAGNINI LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

***Counsel for Plaintiff***

10

**FIRST AMENDED COMPLAINT**

## CERTIFICATE OF SERVICE

  I hereby certify that on February 8, 2018, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Jay D. Ellwanger*_____
Jay D. Ellwanger
